**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LAURA WEISS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | No. 1:18-cv-00434 |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Sarah Evans Barker |
| GRAND CAMPUS LIVING, INC., a | ) | |
| Texas corporation, and ASPEN HEIGHTS | ) | Magistrate Judge Tim A. Baker |
| MANAGEMENT COMPANY, LLC, a Texas | ) | |
| limited liability company, REALPAGE, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| *Defendants*. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Laura Weiss, by and through her attorneys, brings this amended class action complaint against Defendants Grand Campus Living, Inc. ("Grand Campus"), Aspen Heights Management Company, LLC ("Aspen Heights"), and RealPage, Inc. ("RealPage") (collectively "Defendants"), to stop Defendants' unlawful practice of sending unauthorized text message advertisements to consumers' cellular telephones, and to obtain redress for all persons injured by its conduct.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**INTRODUCTION**

1.      In an effort to promote their rental housing properties, Defendants Grand Campus and Aspen Heights, property management companies with numerous student residential properties across the United States, engaged RealPage, a provider of property management software services, to conduct an invasive and unlawful form of marketing by transmitting unauthorized

advertisements in the form of text message calls to the cellular telephones of individuals throughout the country.

2.      By causing the transmission of unauthorized text message calls, Defendants have violated consumers' statutory rights, invaded their privacy, and caused actual harm to consumers because such text messages occupy phone storage space and consumers have to pay their cell phone service providers for the receipt of such unauthorized messages.

3.      To redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly aggrieved individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited text message calls to cellular phones.

4.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized text message advertisements, and an award of the greater of actual or statutory damages to the class members, as well as costs and reasonable attorneys' fees and pre-judgment interest from the date of filing this suit.

## PARTIES

5.      Plaintiff is a natural person residing in Ohio.

6.      Defendant Grand Campus Living, Inc. is an operator of residential rental student housing properties throughout the United States, and is incorporated in the state of Texas.

7.      Defendant Aspen Heights Management Company, LLC is an operator of residential rental properties throughout the United States, and is incorporated in the state of Texas.  In June

2017 Aspen Heights acquired Grand Campus and "t[ook] on property management of more than 3,000 beds across the U.S."[1]

8.      Defendant RealPage, Inc. is a Delaware corporation with its principal place of business located in Texas.  Defendant RealPage is a provider of property management software services to Defendants Aspen Heights and Grand Campus, as well as other providers of student housing across the nation.  Defendant RealPage and/or its subsidiaries are registered to do business, and do business in Indiana.

## JURISDICTION AND VENUE

9.      This court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

10.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff maintained a residence in the Southern District of Indiana at the time she received some of the unauthorized text messages from Defendants, Plaintiff maintains a cell phone number on which the text messages at issue were received which is registered within this District and begins with an area code located within this District, and because a substantial part of the events concerning the conduct at issue occurred in this District, as Plaintiff received certain of the unauthorized text message advertising at issue in this District.

---

[1] https://www.businesswire.com/news/home/20170612005853/en/Aspen-Heights-Partners-Acquires-Lincoln-Property-Company%E2%80%99s

## COMMON FACTUAL ALLEGATIONS

11.     Defendants Aspen Heights and Grand Campus manage and operate a number of residential properties throughout the country, including providing student housing on school campuses throughout the country.

12.     Beginning sometime in 2016, if not earlier, and continuing for months thereafter, Defendants Grand Campus and RealPage, undertook a misguided effort to market the availability of Grand Campus' rental properties by causing the mass transmission of unauthorized text message advertisements to individuals who they hoped would be prospective tenants.

13.     Not only were these text message calls unauthorized, but such text message calls are particularly intrusive because when placed they go directly to the recipient's cellular telephone. Furthermore, unlike regular forms of advertising that are paid for solely by the advertiser, unauthorized text message advertisements can actually cost their recipients money, as users such as Plaintiff must pay their respective wireless service provides to receive the text message calls, regardless of whether or not they ever authorized any entity to send them.

14.     For instance, in May 2016, Plaintiff's cell phone received a text message call from "75705"—a "short code" used by Defendants to send text message advertisements *en masse*.  At the time she received the text message Plaintiff was physically located within this district, and resided therein.  The text message read:

> Didn't win the year of free rent? 22 Exchange is
> Still giving you $1000! Call (330) 375-1183 right now!
> What would YOU do with $1000! Reply to Unsubscribe

15.     Further invading her privacy, in the months that followed Plaintiff received additional non-personalized and generic spam text message advertisements for the "22 Exchange"

4

property, including after Aspen Heights acquired Grand Campus and management of its properties

in June of 2017.  One such text message that she received read:

> Planning to attend The University of Akron this fall? Come stay at 22 Exchange
> Apartments, where you get fully furnished apartment!  Reply to Unsubscribe

16.     In fact, at the time that Plaintiff received the above unauthorized text message

advertisements in or about June 2017, the website for the 22 Exchange property specifically stated

that it was "professionally managed by Aspen Heights".

17.     The TCPA prohibits automated phone call and text messages advertisements,

including the text message advertisements at issue here, to wireless cellular telephones unless the

sender obtains the recipient's prior express written consent.  Here, Defendants never obtained

Plaintiff's prior express written consent to send the text message advertisements she received.

18.     The unauthorized text messages received by Plaintiff caused her actual concrete

injuries not only because the messages were sent in violation of the TCPA, but also because they

invaded Plaintiff's privacy, were received at her expense, and consumed usable memory storage

on Plaintiff's cell phone, as Plaintiff's cell phone had to store the unauthorized SMS messages

upon receipt even though Plaintiff did not consent to receive the messages.  Plaintiff and the other

putative class members also had to expend time and effort reviewing and deleting the unauthorized

messages sent by Defendants.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal

Rules of Civil Procedure on behalf of herself and a nationwide class (the "Class"), defined as: All

persons in the United States and its Territories who, within the four years prior to the filing of this

class action complaint, were sent one or more text message advertisements by or on behalf of

Aspen Heights and Grand Campus to their cellular telephone, and for whom Defendants do not have a written record of consent to receive such messages.

20.     Upon information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

21.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

21.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

22.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

23.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

24.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

> (a)     Did Defendants and/or their agents send one or more text message advertisements to members of the Class?
>
> (b)     Did Defendants use an automatic telephone dialing system to transmit the text message advertisements at issue?
>
> (c)     Did Defendants transmit text message advertisements to persons who did not provide Defendants with prior express written consent to receive such messages?
>
> (d)     Did the text message calls made by Defendants violate the called parties' respective rights to privacy?
>
> (e)     Did the unauthorized text messages distributed by Defendants violate the TCPA?
>
> (f)     Whether Plaintiff and the members of the Class are entitled to damages and injunctive relief?

**COUNT I**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et seq.*)**
**on behalf of Plaintiff and the Class**

25.     Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

26.     Defendants directed the placement of unauthorized text message advertisements to a list of wireless telephone numbers of Plaintiff and the other members of the Class, using equipment that had the capacity at the time the calls were placed to automatically dial sequentially from a list of such wireless telephone numbers, as well as to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

27.     These generic text message advertisements were sent *en masse* through the use of a short code without the prior express written consent of Plaintiff and the other members of the Class.

28.     Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

29.     As a result of Defendants' illegal conduct, Plaintiff and the members of the Class have had their privacy rights violated, have suffered actual and statutory damages, and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

30.     To the extent Defendants knew or should have known that the members of the Class did not provide prior express written consent to be sent the unauthorized text message advertisements at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of the greater of actual or statutory damages;

3.     Pre-judgment interest from the date of filing this suit;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 29, 2018                              LAURA WEISS, individually and on behalf of a
                                                 class of similarly situated individuals

                                                 /s/ Eugene Y. Turin

                                                 Eugene Y. Turin, Esq.
                                                 One of Plaintiff's Attorneys


Fred Schultz
GREENE & SCHULTZ
520 North Walnut Street
Bloomington, IN 47404
Tel: (812) 336-4357
Fax: (812) 336-5615
fred@greeneschultz.com

Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com