UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| LAURA WEISS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-cv-00434-JRS-TAB |
|  | ) |  |
| GRAND CAMPUS LIVING, INC., et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Order on Motion to Dismiss (ECF No. 22)**

Defendants Grand Campus Living, Inc. and Aspen Heights Management Company, LLC move to dismiss Plaintiff's First Amended Class Action Complaint for lack of personal jurisdiction. (ECF No. 22.) Having carefully considered the motion, response, reply, and applicable law, the Court concludes that the motion should be **granted in part** and **denied in part**.

**Background**

Plaintiff Laura Weiss ("Plaintiff") alleges that Defendants Grand Campus Living, Inc. ("Grand Campus") and Aspen Heights Management Company, LLC ("Aspen Heights" and, collectively with Grand Campus, "Moving Defendants") caused her—through their engagement of Defendant RealPage, Inc.—to receive several text messages promoting rental properties managed by Grand Campus. (Am. Compl. ¶¶ 1, 14–15, ECF No. 15 at 1–2, 4–5.) Plaintiff brings claims on behalf of herself and a putative class of those similarly situated for violation of the Telephone Consumer

1

Protection Act of 1991 ("TCPA"), as amended, 47 U.S.C. § 227. (Am. Compl. ¶¶ 3, 25–30, ECF No. 15 at 2, 7–8.)

Grand Campus and Aspen Heights now move to dismiss for lack of personal jurisdiction. (ECF No. 22.) Although Plaintiff bears the burden to establish personal jurisdiction, she need only make a *prima facie* showing of jurisdictional facts on a Rule 12(b)(2) motion. *Felland v. Clifton,* 682 F.3d 665, 672 (7th Cir. 2012). The Court "accept[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff." *Id.*

Grand Campus manages residential properties—including student housing on college campuses—throughout the country. (Am. Compl. ¶ 11, ECF No. 15 at 4.) Grand Campus does not, however, own or manage properties in Indiana. (Henry Decl. ¶ 20, ECF No. 22-4 at 3.) Neither Grand Campus nor Aspen Heights has offices or employees in Indiana. (*Id.*) Rather, both are incorporated and headquartered in Texas, where they maintain offices and generally conduct business. (*Id.*)

Plaintiff was a student at the University of Akron in Ohio, (Henry Decl. ¶ 16, ECF No. 22-4 at 2), and Grand Campus managed 22 E. Exchange Street (the "Apartments"), a student apartment building near the University (*id.* ¶ 18). Plaintiff received text messages marketing the Apartments on her mobile phone, the number for which is "registered" in Indiana and begins with an area code associated with Indiana. (Am. Compl. ¶ 10, ECF No. 15 at 3.) In May 2016, while Plaintiff resided in and was physically present in Indiana, she received a text message that read:

> Didn't win the year of free rent? 22 Exchange is
> Still giving you $1000! Call (330) 375-1183 right now!

> What would YOU do with $1000! Reply to Unsubscribe

(Am. Compl. ¶ 14, ECF No. 15 at 4.)  Plaintiff received additional text messages in June 2017, including one that read:

> Planning to attend The University of Akron this fall?  Come stay at 22 Exchange Apartments, where you get fully furnished apartment!  Reply to unsubscribe

(Am. Compl. ¶ 15, ECF No. 15 at 4–5.)

Moving Defendants contend that these text messages to an Indiana cell phone number and—in the case of the first message—to an Indiana resident while in Indiana do not establish personal jurisdiction.  (Defs.' Mot. at 4–6, ECF No. 22 at 4–6.)  Plaintiff disagrees.  (Pl.'s Mem. at 3–7, ECF No. 31 at 3–7.)

## Discussion

The TCPA does not authorize nationwide service of process in private actions, *see* 47 U.S.C. § 227(b)(3), so state law governs personal jurisdiction, *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).  Indiana law authorizes its courts to exercise personal jurisdiction to the limits of the U.S. Constitution, *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006), so the only question is whether the exercise of jurisdiction over Moving Defendants offends due process, *Walden*, 571 U.S. at 283.

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  The Seventh Circuit has articulated the standard for establishing specific personal jurisdiction as "three essential requirements:  (1) the defendant must have

purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (citations omitted). Where the plaintiff carries her burden on the first two requirements, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id.* at 677.

First, Plaintiff must establish that Moving Defendants purposefully availed themselves of the privilege of conducting business in Indiana *or* purposefully directed their activities at Indiana. "[T]he nature of the purposeful-direction/purposeful-availment inquiry depends in large part on the type of claim at issue," and "[t]he tort-vs.-contract distinction is highly significant[.]" *Id.* at 674. Where, as here, the complaint sounds in tort, personal jurisdiction turns on whether the defendant purposefully directed its conduct at the forum state. *Id.*

The Seventh Circuit has not specifically decided whether a message (or call) sent to a forum-state cell phone number and received in the forum state constitutes purposeful direction in a TCPA suit, but it has generally set forth three requirements "for determining whether conduct was purposefully directed at the forum state: (1) intentional conduct . . . ; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Id.* at 674–75 (quotation marks omitted). In TCPA cases, district courts in this circuit and elsewhere treat allegations of transmissions sent to

4

a forum-state cell phone as a significant, but not dispositive, factor for determining whether the requirements for purposeful direction are met. *See, e.g.*, *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017); *Ewing v. McCarthy*, Case No. 3:17-cv-1554, 2017 WL 4810098 (S.D. Cal. Oct. 25, 2017) (reasoning that, despite the mobility of cell phones, "many, and perhaps the majority, of the numbers with a particular area code belong to individuals who actually live in that area") (citing *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014)); *Sojka v. Loyalty Media LLC*, Case No. 14-cv-770, 2015 WL 2444506 (N.D. Ill. May 20, 2015) (holding purposeful direction not established despite forum-state area code where the defendant's business and messages' content were essentially local in nature).

In *Lowe*, the defendant operated medical clinics inside pharmacies nationwide, including Illinois. 233 F. Supp. 3d at 645 n.9. The plaintiff, whose cell phone number had an Illinois area code, received a message promoting flu shots available at the "medical clinic inside your local CVS/pharmacy." *Id.* at 639. The court held that the defendant's "act of placing a call to a phone number with an Illinois-affiliated area code—knowing that number was associated with a past customer of an area clinic—and leaving a message that solicits the customer to visit an area clinic constitutes purposeful direction." *Id.* at 645. In *Sojka*, on the other hand, the defendant operated Papa Murphy's stores in Colorado, selling take-and-bake pizzas to walk-in customers only—no shipping or delivery. The plaintiffs received text messages promoting pizza sales at the defendant's stores on their cell phone, which had an Illinois area code. 2015 WL 2444506 at *1. The loyalty program that transmitted the messages allowed

5

for cell phone numbers to be entered into the database only by patrons who were physically present in the defendant's Colorado stores, and the promotions could be redeemed only at those same stores. *Id.* at *3. The court held that the text messages did not reflect intent to serve the Illinois market, that the defendant's contacts with Illinois were "random, fortuitous and attenuated," and that the plaintiffs therefore had not established personal jurisdiction. *Id.*

In *Lowe*, the nature of the defendant's business (medical clinics inside retail pharmacies nationwide, including Illinois) and the content of the messages (advertising flu shots "inside your local CVS") bolstered the inference that the defendant purposefully directed its activity to Illinois by calling an Illinois phone number. In *Sojka*, by contrast, despite the plaintiffs' Illinois area code, the local nature of the defendant's business (sales of take-and-bake pizzas to walk-in customers in Colorado) and of the content of the text messages (promotions redeemable only in Colorado) undermined any inference that the defendant purposefully directed its activity to Illinois by texting an Illinois phone number. This case more closely resembles *Lowe* than *Sojka*: In light of the nature of Grand Campus's business and the content of the text messages (marketing furnished student apartments to those who might be "[p]lanning to attend The University of Akron this fall"), Grand Campus's conduct—texting Plaintiff's Indiana cell phone number—reflects intent to market the Apartments to the University of Akron's out-of-state students and prospective students, including those in Indiana. Although a text message would be a thin reed to lean on for personal jurisdiction in a typical breach-of-contract matter, it constitutes purposeful direction

6

in this TCPA suit, where the text messages are themselves the gravamen of the complaint. *See Felland*, 682 F.3d at 674 (noting that the conduct relevant to the purposeful direction inquiry depends on the cause of action).

The first requirement for personal jurisdiction—purposeful direction—is therefore met. The second requirement is also met, as the alleged injury—receipt of a TCPA-violating text message—unquestionably arose from Grand Campus's alleged forum-related activities: sending a TCPA-violating text message. The burden therefore shifts to Grand Campus to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Felland*, 682 F.3d at 677. As Grand Campus presents no such case, Moving Defendants' motion to dismiss Grand Campus for lack of personal jurisdiction is **denied.**

But this Court's jurisdiction over Grand Campus is not dispositive of jurisdiction over Aspen Heights, as "each defendant's contacts with the forum state must be assessed individually." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)). Moving Defendants present no evidence contrary to Plaintiff's allegations about Grand Campus's contacts with Indiana, but they do present evidence contrary to Plaintiff's allegations about Aspen Heights's involvement in those contacts. Plaintiff alleges that Aspen Heights acquired Grand Campus in 2017, citing a press release referencing "Aspen Heights Partners," and that the website for the Apartments stated the Apartments were "professionally managed by Aspen Heights." (Am. Compl. ¶¶ 7, 16.) Plaintiff further alleges that Grand Campus

*and Aspen Heights* engaged RealPage to send the offending text messages. But the uncontroverted declaration of Greg Henry (president of Grand Campus and manager of Aspen Heights) explains that "Aspen Heights Partners is a generic trade name and is not structurally, legally, or operationally part of, or controlled by, Aspen Heights or Grand Campus," that Aspen Heights "has never engaged, or had any contact whatsoever, with RealPage," and that Aspen Heights has never "owned, operated, or exerted any control over Grand Campus" or the Apartments. (Henry Decl. ¶¶ 12, 14–15, [ECF No. 22-4 at 2](#).) Grand Campus was, indeed, acquired in June 2017, but it was acquired by BRG Management, Inc., not Aspen Heights. (*Id.* ¶ 10.)

Plaintiff contends that Moving Defendants' reliance on the Henry declaration is impermissible because Moving Defendants' argument—that Aspen Heights was not involved in the conduct at issue—is a Rule 12(b)(6) motion in Rule 12(b)(2)'s clothes. The Court may consider evidence outside the complaint in determining personal jurisdiction on a Rule 12(b)(2) motion; it typically may not do so when determining whether the complaint states a claim on a Rule 12(b)(6) motion. Tension between the 12(b)(2) standard and the 12(b)(6) standard is inevitable where, as here, the facts alleged to establish personal jurisdiction are the very same facts alleged to state a claim. Any perceived unfairness to Plaintiff resulting from that tension is counterbalanced by (1) the fact that dismissal under Rule 12(b)(2), unlike dismissal under Rule 12(b)(6), is not on the merits, and (2) the fact that Plaintiff could have submitted affidavits to controvert Defendants' evidence, and this Court would have been obligated to resolve any factual disputes in the affidavits in Plaintiff's favor (or else hold

8

an evidentiary hearing). But given the uncontroverted evidence actually before the Court, it can only conclude that Aspen Heights did not purposefully direct any conduct at Indiana. Plaintiff's claims against Aspen Heights must therefore be dismissed for lack of personal jurisdiction.

## Conclusion

Accordingly, for the reasons above, Moving Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 22) is **granted in part**, and Plaintiff's claims against Aspen Heights are **dismissed without prejudice** for lack of personal jurisdiction. The motion is otherwise **denied**.

**SO ORDERED.**

Date: 3/14/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Choslovsky
GINSBERG JACOBS LLC
wchoslovsky@ginsbergjacobs.com

Alexandra Christine Fuson
FAEGRE BAKER DANIELS
lexi.fuson@FaegreBD.com

Erin L. Hoffman
FAEGRE BAKER DANIELS LLP (Minneapolis)
erin.hoffman@faegrebd.com

Peter C. Magnuson
FAEGRE BAKER DANIELS LLP
peter.magnuson@faegrebd.com

Frederick William Schultz
GREENE & SCHULTZ
fred@greeneschultz.com

John Joseph Tanner
BAKER & DANIELS
joe.tanner@faegrebd.com

Eugene Y. Turin
MCGUIRE LAW PC
eturin@mcgpc.com