UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAURA WEISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00434-JRS-TAB |
| | ) | |
| GRAND CAMPUS LIVING, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion to Dismiss or Strike Nationwide Class Allegations (ECF No. 36)**

Defendant RealPage, Inc. ("RealPage") moves to dismiss or strike Plaintiff's nationwide class allegations. (ECF No. 36.) Having carefully considered the motion, response, reply, and applicable law, the Court concludes that the motion should be **denied** as premature.

Plaintiff Laura Weiss ("Plaintiff") alleges that RealPage and Defendant Grand Campus Living, Inc. ("Grand Campus") caused her to receive text messages promoting rental properties managed by Grand Campus. (Am. Compl. ¶¶ 1, 14–15, ECF No. 15 at 1–2, 4–5.) (Plaintiff also alleged claims against a third defendant, Aspen Heights Management Company, LLC, but those claims were dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction, *see* ECF No. 50.) Plaintiff brings claims on behalf of herself and a putative class of those similarly situated for violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended, 47 U.S.C. § 227.

1

(Am. Compl. ¶¶ 3, 25–30, ECF No. 15 at 2, 7–8.)  Specifically, Plaintiff alleges claims on behalf of

> All persons in the United States and its Territories who, within the four years prior to the filing of this class action complaint, were sent one or more text message advertisements by or on behalf of Aspen Heights and Grand Campus to their cellular telephone, and for whom Defendants do not have a written record of consent to receive such messages.

(Am. Compl. ¶ 19, ECF No. 15 at 5–6.)

This Court does not have general jurisdiction over any defendant in this case, as neither RealPage nor Grand Campus is "at home" in Indiana. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  It does, however, have specific jurisdiction over Plaintiff's claims against Grand Campus because Grand Campus purposefully directed its suit-related conduct to Indiana by texting Plaintiff on her Indiana-based cell phone.  (*See* ECF No. 50.)  (The Court has not had occasion to consider whether it has jurisdiction over Plaintiff's individual claims against Real-Page, as RealPage has not moved to dismiss those claims.)

RealPage moves to dismiss or strike Plaintiff's claims on behalf of class members who did not receive a text message in Indiana, arguing that the Court lacks personal jurisdiction to adjudicate such claims.  RealPage's argument relies on the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017).  In *Bristol-Myers Squibb*, "[a] group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other States—filed eight separate complaints in California Superior Court[.]"  137 S.Ct. at 1778.  The Court held that the California state court lacked specific jurisdiction over the non-resident

plaintiffs' claims against non-resident defendants because there was no connection between California and those claims. *Id.* at 1781–82. RealPage argues that here there is likewise no connection between Indiana and the claims of plaintiffs who did not receive text messages in Indiana.

But *Bristol-Myers* was a direct mass action—the 592 non-resident plaintiffs were named plaintiffs—not a class action. *Id.* at 1778; *see also Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1024–25 (7th Cir. 2018) (characterizing *Bristol-Myers Squibb* as a "mass-tort action" and declining to extend *Bristol-Myers* "to nationwide class actions" because the issue had not been raised with the district court). The Seventh Circuit has not decided whether *Bristol-Myers Squibb* applies to absent class members in a class action, and district courts—in this Circuit and elsewhere—are divided on the issue. *See Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 818 (N.D. Ill. 2018) (noting the split and collecting cases).

RealPage moves to strike Plaintiff's nationwide class allegations under Rule 12(f). Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). RealPage makes no showing that the class allegations constitute "redundant, immaterial, impertinent or scandalous matter," and the allegations clearly are not "an insufficient defense." Although some courts have permitted class allegations to be stricken prior to a motion for class certification, it is "more appropriate" to deny motions to strike as premature when made before the named plaintiffs have moved for certification. 5C Wright & Miller § 1383 (3d ed.); *see also* Fed. R. Civ. P. 23(c)(1)(B)

3

("An order that certifies a class action must define the class . . . ."); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 864 (N.D. Ill. 2018) (deciding this very issue at class certification).

RealPage's motion to dismiss the claims of unnamed, absent class members for lack of personal jurisdiction under Rule 12(b)(2) is likewise premature. District courts nationwide have held that dismissal of absent class members' claims for lack of personal jurisdiction would be premature prior to a motion for class certification. *See, e.g., Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019) ("At present, the potential out-of-state class members are precisely that—<u>potential</u> class members who are not, and may never be, joined in this action. Thus, the Court need not assess personal jurisdiction over plaintiff's putative out-of-state class action claims unless and until the Court decides a class comprising out-of-state class members merits certification."); *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1048 (W.D. Wis. 2018) ("Because this question need not be decided now, and the court would no doubt benefit from greater factual and legal briefing before resolving, the court will also reserve judgment on the question of whether it can exercise personal jurisdiction over the claims of a nationwide class, at this time."); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 337 (E.D.N.Y. 2018) ("In any event, plaintiff has not yet brought a motion to certify a nationwide class. Until he does so, the issue is not squarely before the Court. Given the unsettled nature of the law following *Bristol-Myers*, the Court will defer on this question until the plaintiff brings a motion for class certification, if he chooses to do so.").

4

Finally, unlike a non-final order on a motion to dismiss or strike, an order on class certification may be appealed immediately under Rule 23(f), so that reserving ruling until class certification promotes the efficient determination of this action.

Accordingly, for the reasons above, RealPage's Motion to Dismiss or Strike Plaintiff's Nationwide Class Allegations (ECF No. 36) is **denied** as premature. Plaintiff's Motion for Oral Argument (ECF No. 49) is **denied as moot.**

**SO ORDERED.**

Date: 3/19/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Choslovsky
GINSBERG JACOBS LLC
wchoslovsky@ginsbergjacobs.com

Alexandra Christine Fuson
FAEGRE BAKER DANIELS
lexi.fuson@FaegreBD.com

Erin L. Hoffman
FAEGRE BAKER DANIELS LLP (Minneapolis)
erin.hoffman@faegrebd.com

Peter C. Magnuson
FAEGRE BAKER DANIELS LLP
peter.magnuson@faegrebd.com

Frederick William Schultz
GREENE & SCHULTZ
fred@greeneschultz.com

John Joseph Tanner
BAKER & DANIELS
joe.tanner@faegrebd.com

Eugene Y. Turin
MCGUIRE LAW PC
eturin@mcgpc.com